By the Court.
On September 17, 1914, Clement L. Reamer brought an action in the court of common pleas of Coshocton county, wherein he sought a decree quieting his title as against the *265 claim of Elrado E. Reamer and to enjoin him from trespassing upon lands therein described. Elrado E. Reamer, the defendant in that action, filed an answer denying the ownership by the plaintiff of a portion of the land described in his petition, claiming that he, the defendant, was the owner thereof, and by cross-petition sought to have his title thereto quieted as against the claims of the plaintiff, and an injunction restraining the plaintiff from trespassing upon said land, and also judgment for damages occasioned by the plaintiff in tearing down fences theretofore constructed by the defendant upon the disputed tract. A reply filed by the plaintiff made up the issues in the case, which were tried in the common pleas court of that county and a judgment entered quieting the title of the plaintiff in the lands described, perpetually enjoining the defendant from setting up any claim thereto, and dismissing his cross-petition.
Thereupon the defendant Elrado E. Reamer duly perfected his appeal of said cáuse to the court of appeals of said county. No further pleadings were filed in that court. No motion to dismiss the appeal was filed and the case went to trial and final judgment in the court of appeals without any question being raised as to the appeal or as to the jurisdiction of the court of appeals to hear the case. Upon such hearing the court of appeals entered a judgment dismissing the petition of the plaintiff Clement L. Reamer and finding in favor of the defendant Elrado E. Reamer on his cross-petition, and entered a decree quieting his title to the real *266 estate in question; also entered a finding that plaintiff had trespassed upon said premises of the defendant and destroyed his fences theretofore erected on the land in dispute, and found and assessed damages therefor in the sum of $250, for which judgment was rendered against the plaintiff.
Thereafter the plaintiff filed his motion here asking that the court of appeals be directed to certify the record in the case to this court. Upon the motion of the defendant the plaintiff’s motion for an order to certify the record was stricken from the files for the reason that it was not filed within 70 days after the entry of judgment in the court of appeals. Now Clement L. Reamer brings his action in this court and asks that a writ of prohibition be awarded prohibiting the respondents named, being said Elrado E. Reamer, the judges of the court of appeals of the fifth judicial district and the sheriff of Coshocton county, from proceeding further with the enforcement of said judgment, and that the order and judgment of the court of appeals be vacated and held for naught.
The pleadings in this case are in substantial accord as to the facts, which are as above stated. Plaintiff plants his claim for a writ of prohibition upon the contention that the court of appeals had no jurisdiction to render said judgment in favor of the defendant and against the plaintiff, upon the cross-petition in that case, and that such judgment is void for want of jurisdiction of the subject-matter thereof by the court of appeals of Coshocton county.
*267 As we have seen, no motion to dismiss the appeal was filed or presented at any time and no question whatever raised as to the jurisdiction of the court to hear and determine the case in the manner and form presented, nor was any objection made to a full and complete hearing by the court of appeals of all the issues made by the pleadings in the case, nor to a final determination thereof. Even if the questions now presented were here by virtue of proceedings in error the contention made by the plaintiff would be unavailing under the rule established by this court in the case of Drake et al., Trustees, v. Tucker et al., 83 Ohio St., 97, and followed in subsequent cases. It is quite obvious therefore that the plaintiff is not entitled to the extraordinary writ. of prohibition which may be invoked only where no other adequate remedy is available.

Writ refused.

Wanamaker, Newman, Matthias, Johnson and Donahue, JJ., concur.
Nichols, C. J., and Jones, J., not participating.